F. GIESECKE v. H. J. HOFFMAN ET AL.

Delivered May 19, 1897.

**Trespass to Try Title—Evidence—Order of Sale, and Deed to Property Not Covered Thereby.**

An order for the sale of land and the return thereunder, showing a sale of another tract in addition to that specified in the order, and a deed purporting to be executed in pursuance of the order and sale, conveying both tracts, are inadmissible as evidence of title to the tract not covered by the order.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*W. P. Hamblen,* for appellant.—The execution and order of sale, with the return thereon, showing a sale of the land in controversy, was sufficient to pass the title out of J. C. Russell, and a subsequent purchaser from J. C. Russell can not attack such sale collaterally, as there is ample power in such execution and order of sale to authorize the sheriff to make the levy upon the property of J. C. Russell, and sell the same. Sydnor v. Roberts, 13 Texas, 598; Flaniken v. Neal, 67 Texas, 629; Seligson v. Collins, 64 Texas, 314.

*Alex. Barttlingck* and *E. P. Turner,* for appellees.—A sheriff's deed, to pass title, must be supported by a valid judgment, execution, and sale thereunder. Sale without execution is void. Fitch v. Boyer, 51 Texas, 346; Riddle v. Bush, 27 Texas, 675; Ayres v. Dupree, 27 Texas, 602; Sydnor v. Roberts, 13 Texas, 598; Howard v. North, 5 Texas, 290.

NEILL, ASSOCIATE JUSTICE.—This is a suit of trespass to try title, brought by the appellant against the appellees, H. J. Hoffman and John Caldwell, to recover 100 acres of land.

The appellees answered by a plea of not guilty, and specially that Hoffman held the land as trustee for J. Boggs, who is the real owner of the same. Boggs intervened, adopting the answer of the defendants, and prayed that he be quieted in his title to the property.

Upon the trial, which was without a jury, judgment was rendered for the defendants, and, by agreement between Hoffman and the intervener, it was decreed that the land in controversy is held in trust by the former for the latter. From this judgment Giesecke has appealed.

The following is the only evidence introduced by plaintiff:

1. A deed from Robert D. Loftin to J. C. Russell to the land in controversy, dated the 31st day of January, 1873, and duly recorded in record of deeds of Harris County, on February 8, 1873.

2. For the purpose of proving a common source, he read in evidence a deed from John C. Russell and Sallie M. Russell, his wife, to H. J. Hoffman for the land in controversy, dated December 5, 1893, and recorded in record of deeds of Harris County on December 19, 1893.

3. A judgment of the District Court of Harris County, rendered on

the 2d day of November, 1877, in suit No. 10,083, in favor of Catherine Bouillitt against J. C. Russell, for the sum of $553.33, with interest at the rate of 10 per cent per annum and costs of suit, with a foreclosure of a lien on 200 acres of land, no part of which is that in controversy.

4. A certified copy of the last will and testament, duly probated in the County Court of Harris County, in January, 1884, of Catherine Bouillitt, whereby she bequeathed to Almyre Bugnon all her property, including the land in controversy.

5. A deed from Almyre Bugnon and her husband, John Martin Bugnon, to appellant, Frederick Giesecke, dated September 9, 1886, conveying, among other property, the land in controversy. This deed was recorded on the 10th day of November, 1886, in the record of deeds of Harris County.

The appellees introduced no evidence.

The appellant offered in evidence an order of sale issued out of the District Court of Harris County on the 4th day of December, 1877, to the sheriff of said county, on the judgment described in the third paragraph of our statement of the evidence. After reciting the judgment and describing the land upon which the lien is foreclosed, the order of sale concludes as follows: "Therefore you are hereby commanded that you seize and sell the land described in the above order as under execution, and of the proceeds you cause to be made the full sums of money aforesaid, and you have the same before said court to be held at the courthouse thereof, in the city of Houston, on the last Monday in March, 1878, it being the 25th day of March, 1878, to render unto the said J. C. Russell. Herein fail not," etc. The return on this writ shows that the sheriff, after selling the land which he was ordered by the writ to sell, levied upon and sold the premises in controversy to satisfy a balance due on the judgment, and that at the sale Catherine Bouillitt was the purchaser. The deed made by the sheriff by virtue of this sale to Catherine Bouillitt was also offered in evidence by the appellant.

To the introduction of the order of sale, and the return thereon, the appellees excepted, on the ground that the order of sale was only an order to sell the 200 acres of land described therein, and did not authorize the sale of the 100 acres in controversy, and to the deed, upon the ground that it purported to have been made by virtue of said order of sale, which did not warrant the sheriff in selling the premises in controversy. The court sustained the objections, and refused to admit either the order of sale, the return thereon, or the sheriff's deed, in evidence. The rulings of the court in refusing to admit the evidence are made the basis of appellant's assignmnts of error. We are of opinion that there is no error in such rulings, and therefore affirm the judgment.

*Affirmed.*